[Crim. No. 1977. Second Appellate District, Division One.—January 9, 1931.]

THE PEOPLE, Respondent, v. JOHN KALPAKOFF, Appellant.

60

R. E. Parsons for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Appellant and two others were tried together and convicted of the crime of robbery of the first degree, committed as follows: On the twenty-eighth day of December, 1929, in the night-time, the defendants, in a drug-store of one G. H. Brown, forcibly took from the possession of Brown the sum of $79. It was shown that appellant at the time of the commission of the crime was armed with a deadly weapon, a 32-caliber revolver.

The "reasons for reversal" as listed at the beginning of the brief are as follows: That the court erred in admitting gun Exhibit 1; that the court erred in sustaining objection of district attorney to a question propounded to the witness Paul Kalpakoff, brother of appellant; that the decision is contrary to the law and the evidence; that the court erred in overruling an objection of appellant to a question pro-

pounded to the witness Lockhard; that the court erred in denying appellant's motion for a new trial.

A trial by jury having been duly waived, the case was tried before the court without a jury. The witness Brown testified that at the time of the robbery he saw a gun in the hand of appellant. A 32-caliber gun was exhibited to the witness and he identified it as a gun which he saw in the hands of Stupin, one of the other defendants, and this gun was offered and admitted in evidence without objection. The witness identified this gun as being of the approximate size and as having upon it certain rust spots which were like rust spots he had noticed upon the gun in Stupin's hands. This 32-caliber gun was not the one which the witness saw in the hands of Kalpakoff at the time of the robbery, but it was later found in the automobile of appellant at the time appellant was arrested; and three 32-caliber cartridges were, at the same time of arrest, found in the pocketbook of appellant. The court committed no error in admitting in evidence the said gun, Exhibit 1.

The objection of the district attorney to the question propounded to the witness Paul Kalpakoff, which objection the court sustained, related to an interview between this witness and the witness Brown at Brown's drugstore about a month after the time of the robbery. The witness Paul Kalpakoff having testified that he and his mother and two other persons called upon Brown at his drugstore, this question was asked: "Now will you tell the court, please, what conversation was then had?" The objection made was that the question called for hearsay evidence. It is now claimed that the court erred in sustaining this objection, and that the question was asked for the purpose of impeaching the witness Brown in relation to testimony given by him. It appears in the record that on cross-examination of Brown, that witness denied that on the occasion of the visit to his store of Paul Kalpakoff and his mother and said two other persons, he had stated that appellant was not one of the men in his store at the time of the robbery. Appellant's present contention is that the question asked of Paul Kalpakoff, objection to which was sustained by the court, was a proper question for impeachment of Brown's testimony. The question as propounded asked for the conversation in general, in which conversation at

least five persons were present; and the answer presumably would have included statements made by persons other than Brown. At the time when the question was asked and the objection and ruling were made counsel for appellant did not attempt to reframe his question, and did not suggest to the court that he had any purpose of impeachment in asking the question. The court did not err in sustaining the objection.

There is no merit in the contention that the decision of the court was contrary to the law or the evidence. The facts of the robbery are established without dispute, except that appellant claims that the evidence does not sufficiently identify him as being one of the robbers. The testimony of Brown alone is abundantly sufficient to identify appellant. It is true that Brown admitted that on one occasion, when appellant was brought to him by officers, he was uncertain on the subject. ''I wasn't sure of myself when Kalpakoff came down in the machine and I wouldn't commit myself.'' Nevertheless, at the trial he did fully and positively identify appellant, and separately described the different acts of the three men by whom the robbery was committed, and the appellant and his part therein.

During the examination of the People's witness Lockhard, a police officer, it was shown by the witness that he arrested the defendants on December 31, 1929 (three days after the robbery) and at the time they were riding in a Ford roadster and the appellant was driving the car. At this point the record is as follows: ''Q. Did you make an examination of the car after you arrested the defendants? A. I did. Q. What did you find in the car?'' At this point Mr. Bird, attorney for the defendant Stupin, objected that he would first like to ascertain whether or not it was a fact that the witness after arresting the defendants left the car unattended for an hour or an hour and a half. Mr. Laudry, attorney for appellant, said: ''I interpose the objection I think it should be asked what he found in the car if the arrest had to do with the particular charge''; and also he objected that the matter was too remote in point of time, there being a three-day interval between the time of the robbery and the time of arrest. ''The Court: I am assuming from the fact Mr. Crail (deputy district attorney) took up the question he anticipated the evidence would be the gun

was found in the car, perhaps the evidence will disclose it was this Exhibit 1 which was found. Mr. Laudry: I think that is the fact. The Court: If that is correct, in view of the testimony previously given, I don't think it makes any difference when it was found as far as length of time is concerned. Mr. Laudry: Of course, the gun in the evidence previously given has not been clearly identified other than a rusted gun. Mr. Crail: Will you stipulate People's Exhibit 1 was found in the car? Are you gentlemen willing to stipulate to that? Mr. Laudry: Oh, I think the officer better testify. Q. By Mr. Crail: What, if anything, did you find in the car, Officer? A. I found this revolver in the car. Q. Referring now to People's Exhibit 1? A. Yes, sir." Then followed testimony showing that besides this gun found in the car, there were three 32-caliber cartridges found in the pocketbook of appellant.

On the foregoing record we are of the opinion that the court did not commit any error in overruling the objection to the question asking the officer what he found in the car.

The final point presented by appellant is that the court erred in denying his motion for a new trial. The argument is that appellant was entitled to a new trial by reason of the facts presented by him in affidavits concerning newly discovered evidence, of witnesses in further support of the alibi which he had attempted to prove by numerous witnesses during the trial. The court found that the proposed evidence was merely cumulative, and that the proposed additional witnesses could with reasonable diligence have been discovered prior to the trial and produced at the trial. In this ruling there was no abuse of discretion and no error.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.